**REMAND / JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **CV 26-11263-GW-Ex** | Date | October 16, 2026 |
| Title | ***A&B QOZB SPE, LLC v. Laura Weidman*** | | |

| | |
|---|---|
| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE |

| | | |
|---|---|---|
| Javier Gonzalez | None Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):** **ORDER REMANDING THE CASE TO THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

On September 29, 2026, *pro per* defendant Laura ("Weidman") removed this unlawful detainer action to federal court from the Superior Court of California, County of Los Angeles. *See* Notice of Removal ("NOR"), Docket No. 1. Weidman also filed an application to proceed in the district court *in forma pauperis* without prepaying fees or costs (the "IFP Application"). *See* IFP Application, Docket No. 2. On October 14, 2026, Plaintiff A and B QOZB SPE, LLC ("Plaintiff") filed a motion to remand this action due to lack of subject matter jurisdiction. *See* Motion to Remand, Docket No. 8. The Court finds Plaintiff's Motion to Remand appropriate for decision without further briefing and without oral argument. For the reasons explained herein, this Court lacks subject matter jurisdiction over the removed action and, therefore, **GRANTS** the Motion and **REMANDS** the action to state court.

Federal courts are courts of limited jurisdiction and have subject matter jurisdiction to adjudicate only those cases authorized by the United States Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). This Court is obligated to consider its subject matter jurisdiction in every case that comes before it, even if no party challenges it. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Jurisdictional challenges can be raised at any time – indeed, federal courts have "a duty to consider them *sua sponte*." *Wilkins v. United States*, 598 U.S. 152, 157 (2023). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotation marks omitted). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Weidman asserts that this action was properly removed to federal court because this Court has original jurisdiction over the action under 28 U.S.C. § 1331 (federal question jurisdiction). *See* NOR ¶ 7. Although "[t]he complaint for the Unlawful Detainer was filed by the plaintiff for non-payment," Weidman

**REMAND / JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **CV 26-11263-GW-Ex** | Date | October 16, 2026 |
| Title | ***A&B QOZB SPE, LLC v. Laura Weidman*** | | |

claims that she "withheld rent due to Plaintiff discriminating against [her] by violating [the] Fair Housing Act and 42 U.S.C. [§] 3604(f)(3)(A) by refusing to permit, reasonable modification of the premises necessary to afford full enjoyment of the premises to Defendant['s] roommate and co-tenant who is physically handicapped." *Id.* ¶ 5.

Under the "well-pleaded complaint rule," federal court jurisdiction exists only if the "federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). In this case, the state court complaint asserts a single cause of action for unlawful detainer and discloses no federal statutory or constitutional question that would support federal question jurisdiction. *See* Complaint, NOR, Ex. A, Docket No. 1. "An unlawful detainer action does not arise under federal law." *Wescom Credit Union v. Dudley*, No. 10-cv-8203-GAF-(SSx), 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010); *see also Indymac Fed. Bank, F.S.B. v. Ocampo*, No. 5:09-cv-02337-PA-(DTBx), 2010 WL 234828, at *2 (C.D. Cal. 2010) ("No federal claim is alleged in the Complaint" where "[t]he Complaint contains a single cause of action for unlawful detainer."). To the extent Weidman' defenses to the unlawful detainer action are based on alleged violations of federal law, *see* NOR ¶¶ 5-7, those defenses do not provide a basis for federal question jurisdiction. It is well-settled that "a case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar*, 482 U.S. at 393 (emphasis in original) (citation omitted). Accordingly, there is no federal question jurisdiction.

"Because there is no federal question appearing in Plaintiff's complaint in this case, Defendant has failed to properly invoke this court's jurisdiction." *Atwater Ret. Vill., LLC v. Datig*, No. 1:24-cv-00319-KES-(SABx), 2024 WL 1173874, at *2 (E.D. Cal. Mar. 19, 2024). Based on the foregoing discussion, the Court rules as follows: (1) Weidman' IFP application is **DENIED AS MOOT**; and (2) the Clerk of the Court will **REMAND** this action to the Superior Court of California, County of Los Angeles. The hearing on Plaintiff's Motion to Remand, scheduled for November 19, 2026, is hereby taken off calendar.

**IT IS SO ORDERED.**